**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **SKY ANGEL U.S., LLC**<br>1300 Goodlette Road North<br>Naples, FL 34102<br><br>*Plaintiff*<br><br>v.<br><br>**DISCOVERY COMMUNICATIONS, LLC**<br>One Discovery Place<br>Silver Spring, MD 20910<br>(County of residence: Montgomery County)<br><br>**Serve:**<br>The Corporation Trust Inc.<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>**ANIMAL PLANET, L.L.C.**<br>Corporation Service Company<br>1013 Centre Road<br>Wilmington, DE 19805<br><br>**Serve:**<br>The Corporation Trust Inc.<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>*Defendants* | Case No.: _____ |

## COMPLAINT

Sky Angel U.S., LLC files this Complaint against Discovery Communications, LLC and Animal Planet, L.L.C. for Defendants' improper termination of an Affiliation Agreement in breach of their contractual obligations, which has caused substantial business losses to Sky Angel U.S., LLC.

## PARTIES

1.      Sky Angel U.S., LLC ("Sky Angel") is a Florida limited liability company with its principal place of business at 1300 Goodlette Road North, Naples, Florida 34102. Sky Angel distributes multiple channels of Internet-protocol-formatted video programming, as described further below.

2.      Discovery Communications, LLC ("Discovery") is a Delaware limited liability company with its principal place of business at One Discovery Place, Silver Spring, Maryland 20910. Discovery provides a daily programming service, including those channels currently or previously known as Discovery Channel, Discovery Kids Channel, Discovery Home Channel, and Military Channel. Upon information and belief, Discovery's ultimate parent company is Discovery Communications, Inc.

3.      Animal Planet, L.L.C. ("Animal Planet") is a Delaware limited liability company. According to the Maryland Department of Assessments and Taxation website, its current principal office is at Corporation Service Company, 1013 Centre Road, Wilmington, Delaware 19805. Animal Planet provides a daily programming service known as the Animal Planet. Upon information and belief, Animal Planet's ultimate parent company is Discovery Communications, Inc.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Plaintiff and Defendants are citizens of different states, and the amount in controversy is in excess of $75,000.

5.      Venue is proper under 28 U.S.C. § 1391.

6.      This Court has personal jurisdiction over the Defendants. This Court has personal jurisdiction over Discovery pursuant to Maryland Code, Courts and Judicial Proceedings Sections 6-102 and 6-102 and has personal jurisdiction over Animal Planet pursuant to Section 6-202. In addition to all

2

other bases for personal jurisdiction, the Defendants ███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████

## ALLEGATIONS COMMON TO ALL COUNTS

### A.     Background on Sky Angel's Distribution Technology

7.     Sky Angel presently operates a subscription-based multichannel video programming distribution service under the brand name FAVE-TV, which currently provides numerous real-time channels of family-oriented video programming.  Channels currently carried on FAVE-TV include the Fox News Channel, Fox Business, Bloomberg Television, NBC Sports Network, CBS Sports, NFL Network, NBA TV, the Tennis Channel, the Weather Channel, the Hallmark Channel, QVC, and others. In addition, Sky Angel makes available to its subscribers multiple non-profit, faith-based channels.  Sky Angel provides this video programming directly to America's television sets on a nationwide basis.

8.     Pursuant to individually negotiated agreements, Sky Angel receives programming from its content partners via satellite earth stations and fiber optic connections.  After Sky Angel receives the content and makes any necessary quality adjustments, it formats the programming using advanced Internet Protocol ("IP") technology and then bundles and securely encrypts the programming.  Sky Angel then transmits the encrypted, IP-formatted programming via fiber it controls to "headends" in New York and California.  From there, the programming is sent via broadband Internet connections to the proprietary set-top boxes owned or leased by Sky Angel's subscribers.  Sky Angel sends signals to two central locations over a closed and encrypted fiber optic transmission path.  These central locations then distribute the programming over high-speed internet connections to set-top boxes.  The services are

available to consumers who have broadband Internet access via digital subscriber lines ("DSL"), wirelines, or wireless connections.

9. Sky Angel's set-top boxes have a broadband Internet input and video outputs that directly connect to a television set. Through the broadband Internet input, a set-top box receives encrypted video programming from Sky Angel, which is then decoded and sent to the subscriber's connected television set.

10. The subscribers' set-top boxes are secured by cable-and-satellite industry standard encryption and conditional access technologies.

11. Sky Angel's service is and, at all times relevant to this Complaint, has been secure from unauthorized uses.

**B.    Sky Angel's Affiliation Agreement with Discovery and Animal Planet**

12. Sky Angel, Discovery, and Animal Planet entered into an "Affiliation Agreement" ███ ███████ ("Agreement"). The Agreement is attached as Exhibit 1 to this Complaint.

13. Sky Angel executed the Agreement on ██████████ and Discovery and Animal Planet executed the Agreement on ███████████████████████████████ ████████████████████████ Upon information and belief, at all times relevant to this Complaint, Discovery has acted on behalf of Animal Planet and had sufficient legal right from Animal Planet to do so.

14. Through the Agreement, Discovery and Animal Planet ████████████ ████████████████ agreed to ███████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

4



15.   Sky Angel's ████████████████████████████████████████████ is essential to Sky Angel's competitiveness in the market for family-oriented video programming distribution services.

16.   ████████████████████████████████████████

17.   ████████████████████████████████████████



18.   In exchange for ██████████████████████, Sky Angel agreed to ██ ████████████████████████. Pursuant to the Agreement, Sky Angel would ██████████████████████████ ████████████████████████ Sky Angel would ██████████ ████████████████████ The agreed upon terms ██████████ ████████████████████

19.   ████████████████████████████████████



20. ████████████████████████████████████

████████████████████████████████████████

███████████████████████████

21. ████████████████████████████████

████████████████████████████████████████

22. ████████████████████████████████████

████████████████████████

## C.    Contract Performance until April 2010

23.    Sky Angel fully performed on its obligations under the Agreement.

24.    Sky Angel ███████████████████████████████

████████████████████████████████████████

████████████████████████████████

25.    At all times, Sky Angel █████████████████████████████

████████████████

26.    During the time of contract performance, neither Discovery nor Animal Planet ever complained about _**any**_ aspect of Sky Angel's performance █████████████████████████

███████████████████████

27.    During the time of contract performance, neither Discovery nor Animal Planet ever

███████████████████████████████████████████████

████████████████████████████████

28.    During the time of contract performance, there had been no change—and indeed no material change—in the Sky Angel ████████████████████████████

█████████

29.    Fully satisfied with Sky Angel's performance, in August and September 2009, approximately two years after entering into the Agreement, Discovery █████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

█████████

**D.    Discovery's Improper Termination of the Affiliation Agreement**

30.    By letter dated January 22, 2010, Discovery, acting on its own behalf and on behalf of Animal Planet, notified Sky Angel that it would be terminating the Agreement effective on April 22, 2010.

31.    ████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

32.     In response to Discovery's notice of termination, on March 4, 2010, Sky Angel served a response letter, explaining that:

> During the course of the Affiliation Agreement, Sky Angel has abided by all of its terms scrupulously.  For example, throughout the existence of the Affiliation Agreement, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

33.     Sky Angel also explained that it was "prepared to cooperate in ██████████████████████ ██████ to Discovery's reasonable satisfaction," and Sky Angel "offer[ed] its full cooperation to Discovery to provide it with all reasonable assurances ██████████████████████ ██████████ so that the Affiliation Agreement may continue."

34.     Sky Angel insisted that Discovery immediately rescind its decision to terminate.

35.     By letter dated March 19, 2010, Discovery and Animal Planet responded but offered no other detail regarding ████████████████████████

36.     In response to the impending date that Discovery and Animal Planet would ██████████ ████████████████████ Sky Angel filed a Program Access Complaint and Emergency Petition for Temporary Standstill with the Federal Communications Commission. The Program Access Complaint relied on the 1992 Cable Act and implementing rules.

37.     In the Opposition to the Emergency Petition for Temporary Standstill, Discovery and Animal Planet made clear that ██████████████████████████ ████████████████████ ████████████████████████████████████████████████



38.     Discovery and Animal Planet also admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

39.     On April 22, 2010, Discovery and Animal Planet ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

40.     Sky Angel has suffered substantial business losses as a result of the improper and early termination of the Agreement by Discovery and Animal Planet.   These losses include but are not limited to:

    a)     Following the breach, Sky Angel incurred substantial costs associated with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the content of website and other promotional materials to reflect the loss ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    b)     Sky Angel has lost many subscribers as a result of the early termination and reasonably estimates that its lost revenue for these subscribers exceeds $500,000 to date and will exceed $1,000,000 by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    c)     Sky Angel has also lost future subscribers and programmers such that Defendants' breach significantly hindered Sky Angel's business development and growth, causing Sky Angel to lose future profits which could have been reasonably foreseen by Defendants.

10

41. As a result of Defendants' termination, Sky Angel has incurred substantial business losses in an amount to be shown at trial but estimated to be not less than the jurisdictional requirement of $75,000.

42. Although Sky Angel's damages will be proven to a certainty at trial, no award of money damages would provide Sky Angel with adequate relief from Defendants' breach of the Agreement.

43. ███████████████████████████████████████████ ███████████████████████████████████ Sky Angel cannot effectively compete in the market for family-oriented multichannel video distribution services without ██████████████████████████████████████ ███████

44. Sky Angel was unjustly deprived of its ability to ███████████████ ███████████████████████████████████████ ███████████████████████ and the ends of justice therefore require that Sky Angel ███████████████████████████████████████ ███████████████████████████

45. The parties' obligations under the Agreement are clear and definite, and present no practical difficulties. ████████████████████████ ███████████████████████████

46. Sky Angel remains able and willing to perform its obligations under the Agreement.

## COUNT I
### Breach of Contract - Discovery Communications, LLC

47. Paragraphs 1 through 46 are incorporated herein by reference.

48.     The Agreement between Sky Angel and Discovery constituted a valid, binding, and enforceable contract ██████████████████████████████████████████

49.     By executing the Agreement, Discovery agreed to ████████████████████████ ████████████

50.     The Agreement did not permit Discovery to terminate the Agreement ██████████ ███████████████████████████████████████████████ ██████████████████████████████████

51.     In the Agreement, the parties set forth ████████████████████████ ███████████████████████████████████████████████ ████████████████████████████

████████████████████████████████████ ████████████████████

██████████████████████████████████████████████ ████████████

██████████████████████████████ ███████████████████████████████████████████████ ████████████

███████████████████████████████████████████████ ████████████

52.     In terminating the Agreement, Discovery asserted that ████████████████████ ████████████████████

12

53. Upon information and belief, Discovery never made such a determination that █ ███████████████████████████████████████████ and nor could Discovery have made such a determination.

54. ███████████████████████████ fully and objectively met the understanding and expectation of the parties and the contractual specifications.

55. Implicit in its contractual obligations, Discovery also agreed to act in good faith and with fair dealing.

56. Discovery terminated the Agreement ████████████████████████ ████████████████

57. At no time did Discovery provide Sky Angel with any opportunity to resolve any concerns Discovery may have had or otherwise make any good faith efforts as required under the Agreement.

58. Upon information and belief, Discovery terminated the Agreement ███████████ █████████████████████████████████████████████████████████████████ ████████ This rationale █████████████████████████████ constituted an unauthorized, improper termination.

59. By improperly terminating the Agreement, Discovery materially breached the Agreement.

60. In doing so and without allowing Sky Angel a chance to resolve any purported problems, Discovery also breached the covenant of good faith and fair dealing that is inherent in the Agreement.

61. As a result of the improper termination, Sky Angel has been injured.

62.    By terminating the contract ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Discovery caused Sky Angel to suffer substantial business losses and deprived Sky Angel of its ability to compete in the market ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

## COUNT II
### Breach of Contract - Animal Planet, L.L.C.

63.    Paragraphs 1 through 46 are incorporated herein by reference.

64.    The Agreement between Sky Angel and Animal Planet constituted a valid, binding, and enforceable contract ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

65.    By executing the Agreement, Animal Planet agreed to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮.

66.    The Agreement did not permit Animal Planet to terminate the Agreement ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

67.    In the Agreement, the parties set forth ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

██████████████████████████████████████████████████

68.    In terminating the Agreement, Animal Planet asserted that ███████████████

████████████████████

69.    Upon information and belief, Animal Planet never made such a determination that ██

████████████████████████████████████████ and nor could Animal Planet

have made such a determination.

70.    ████████████████████████ fully and objectively met the understanding and

expectation of the parties and the contractual specifications.

71.    Implicit in its contractual obligations, Animal Planet also agreed to act in good faith and

with fair dealing.

72.    Animal Planet terminated the Agreement ████████████████████████

████████████

73.    At no time did Animal Planet provide Sky Angel with any opportunity to resolve any

concerns Animal Planet may have had or otherwise make any good faith efforts as required under the

Agreement.

74.    Upon information and belief, Animal Planet terminated the Agreement ████████

██████████████████████████████████████████████████

████████ This rationale ██████████████████████ constituted an

unauthorized, improper termination.

75.    By improperly terminating the Agreement, Animal Planet materially breached the

Agreement.

76. In doing so and without allowing Sky Angel a chance to resolve any purported problems, Animal Planet also breached the covenant of good faith and fair dealing that is inherent in the Agreement.

77. As a result of the improper termination, Sky Angel has been injured.

78. By terminating the contract █████████████████████████, Animal Planet caused Sky Angel to suffer substantial business losses and deprived Sky Angel of its ability to compete in the market ██████████████████████████

**WHEREFORE,** Sky Angel requests that the Court

(i)   Order specific performance of the Affiliation Agreement, including an injunction ordering ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████ for the full duration of time originally agreed to under the Affiliation Agreement;

(ii)  Award Sky Angel damages in an amount to be determined at trial but estimated to be not less than $1,000,000; and/or

(ii)  Award Plaintiff any other relief that the Court determines is appropriate.

January 3, 2012

Respectfully Submitted,

HOLLAND & KNIGHT LLP

Lynn E. Calkins, Bar No. 12121
Cheryl Feeley, Bar No. 28862
800 17th Street, N.W., Suite 1100
Washington, DC 20006
Phone: (202) 955-3000
Fax:    (202) 955-5564
Email: lynn.calkins@hklaw.com
Email: cheryl.feeley@hklaw.com

*Counsel for Sky Angel U.S., LLC*

#11875439_v5

17