**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
Southern Division**

|  |  |
|---|---|
| **SKY ANGEL U.S., LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 8:13-cv-00031-DKC** |
| | ) |
| **DISCOVERY COMMUNICATIONS, LLC, and** | ) |
| **ANIMAL PLANET,  LLC,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
DISCOVERY COMMUNICATIONS, LLC AND ANIMAL PLANET, LLC**

Defendants Discovery Communications, LLC and Animal Planet, LLC (collectively

"Discovery"), by and through their attorneys, hereby submit an Answer and Affirmative Defenses to

plaintiff Sky Angel U.S., LLC's ("Plaintiff") Complaint.

**PARTIES**

1.  Discovery is without sufficient knowledge to form a belief as to the truth or accuracy of the

allegations in Paragraph 1 of the Complaint, and therefore denies them.

2.  Discovery admits that Discovery Communications, LLC is a Delaware limited liability company

with its corporate headquarters located at One Discovery Place, Silver Spring, Maryland 20910.

Discovery also admits that Discovery Communications, LLC's ultimate parent is Discovery

Communications, Inc.  Discovery denies the remaining allegations in Paragraph 2 of the Complaint.

3. Discovery admits that Animal Planet, LLC is a Delaware limited liability company. Discovery also admits that Animal Planet, LLC's ultimate parent is Discovery Communications, Inc. Discovery denies the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required.

6. Paragraph 6 states a legal conclusion to which no response is required.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Discovery denies that Sky Angel is a multichannel video programming distribution service. Discovery is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 7 of the Complaint, and therefore denies them.

8. Discovery is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 8 of the Complaint, and therefore denies them.

9. Discovery is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 9 of the Complaint, and therefore denies them.

10. Discovery is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 10 of the Complaint, and therefore denies them.

11. Discovery denies the allegations in Paragraph 11 of the Complaint.

12. Discovery admits the allegations in Paragraph 12 of the Complaint.

13. Discovery admits that Sky Angel executed the Agreement on October 5, 2007, and Discovery Communications, LLC and Animal Planet, LLC executed the Agreement on October 16, 2007. Discovery states that the Affiliation Agreement, attached as Exhibit A to the Complaint, speaks for itself,

and is the best evidence of its own content, and denies that the remaining allegations in Paragraph 13 accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 13 of the Complaint.

14. Discovery states that the Affiliation Agreement, attached as Exhibit A to the Complaint, speaks for itself, and is the best evidence of its own content, and denies that the allegations in Paragraph 14 accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 14 of the Complaint.

15. Discovery denies the allegations in Paragraph 15 of the Complaint.

16. Discovery states that the Affiliation Agreement, attached as Exhibit A to the Complaint, speaks for itself, and is the best evidence of its own content, and denies that the allegations in Paragraph 16 accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 16 of the Complaint.

17. Discovery states that the Affiliation Agreement, attached as Exhibit A to the Complaint, speaks for itself, and is the best evidence of its own content, and denies that the allegations in Paragraph 17 accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 17 of the Complaint.

18. Discovery states that the Affiliation Agreement, attached as Exhibit A to the Complaint, speaks for itself, and is the best evidence of its own content, and denies that the allegations in Paragraph 18 accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 18 of the Complaint.

19. Discovery states that the Affiliation Agreement, attached as Exhibit A to the Complaint, speaks for itself, and is the best evidence of its own content, and denies that the allegations in Paragraph 19

accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 19 of the Complaint.

20. Discovery states that the Affiliation Agreement, attached as Exhibit A to the Complaint, speaks for itself, and is the best evidence of its own content, and denies that the allegations in Paragraph 20 accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 20 of the Complaint.

21. Discovery states that the Affiliation Agreement, attached as Exhibit A to the Complaint, speaks for itself, and is the best evidence of its own content, and denies that the allegations in Paragraph 21 accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 21 of the Complaint.

22. Discovery states that the Affiliation Agreement, attached as Exhibit A to the Complaint, speaks for itself, and is the best evidence of its own content, and denies that the allegations in Paragraph 22 accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 22 of the Complaint.

23. Discovery denies the allegations in Paragraph 23 of the Complaint.

24. Discovery is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

25. Discovery is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 25 of the Complaint, and therefore denies them.

26. Discovery denies the allegations in Paragraph 26 of the Complaint.

27. Discovery admits the allegations in Paragraph 27 of the Complaint.

28. Discovery denies the allegations in Paragraph 28 of the Complaint.

4

29. Discovery denies the allegations in Paragraph 29 of the Complaint.

30. Discovery admits that it sent a letter dated January 22, 2010 to Sky Angel.  Discovery states that the January 22, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegations in Paragraph 30 of the Complaint accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 30 of the Complaint.

31. Discovery states that the January 22, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegations in Paragraph 31 of the Complaint accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 31 of the Complaint.

32. Discovery admits that Plaintiff sent Discovery a letter dated March 4, 2010.  Discovery states that the March 4, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegations in Paragraph 32 of the Complaint accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 32 of the Complaint.

33. Discovery states that the March 4, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegations in Paragraph 33 of the Complaint accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 33 of the Complaint.

34. Discovery states that the March 4, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegations in Paragraph 34 of the Complaint accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 34 of the Complaint.

35. Discovery admits that it sent Plaintiffs a letter dated March 19, 2010.  Discovery states that the March 19, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegations in Paragraph 35 of the Complaint accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 35 of the Complaint.

36. Discovery admits that Plaintiff filed a Program Access Complaint and Emergency Petition for Temporary Standstill with the Federal Communications Commission.  Discovery denies the remaining allegations in Paragraph 36 of the Complaint.

37. Discovery admits that it filed an Opposition to the Emergency Petition for Temporary Standstill with the Federal Communications Commission.  Discovery states that the Opposition to the Emergency Petition for Temporary Standstill speaks for itself and is the best evidence of its own content, and denies that the allegations in Paragraph 37 of the Complaint accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 37 of the Complaint.

38. Discovery states that the Opposition to the Emergency Petition for Temporary Standstill speaks for itself and is the best evidence of its own content, and denies that the allegations in Paragraph 38 accurately and/or completely summarizes it.  Except as expressly stated herein, Discovery denies the allegations in this Paragraph 38 of the Complaint.

39. Discovery admits that it deauthorized Sky Angel's access to Discovery's signals on or about April 22, 2010.  Discovery denies the remaining allegations in Paragraph 39 of the Complaint.

40. Discovery denies the allegations in Paragraph 40 of the Complaint in its entirety, including subparagraphs (a) – (c).

41. Discovery denies the allegations in Paragraph 41 of the Complaint.

42. Discovery denies the allegations in Paragraph 42 of the Complaint.

43. Discovery denies the allegations in Paragraph 43 of the Complaint.

44. Discovery denies the allegations in Paragraph 44 of the Complaint.

45. Discovery denies the allegations in Paragraph 45 of the Complaint.

46. Discovery denies the allegations in Paragraph 46 of the Complaint.

## COUNT I

### Breach of Contract – Discovery Communications, LLC

47. Discovery repeats and incorporates by reference its responses to Paragraphs 1 through 46 as its response to Paragraph 47 of the Complaint.

48. Discovery admits that the Agreement between Sky Angel and Discovery was a valid, binding, and enforceable contract.  Discovery denies the remaining allegations in Paragraph 48 of the Complaint.

49. Discovery denies the allegations in Paragraph 49 of the Complaint.

50. Discovery denies the allegations in Paragraph 50 of the Complaint.

51. Discovery denies the allegations in Paragraph 51 of the Complaint in its entirety, including subparagraphs (a) – (f).

52. Discovery states that the January 22, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegations in Paragraph 52 of the Complaint accurately and/or completely summarizes it.

53. Discovery denies the allegations in Paragraph 53 of the Complaint.

54. Discovery denies the allegations in Paragraph 54 of the Complaint.

55. Paragraph 55 states a legal conclusion to which no response is required.

56. Discovery states that the January 22, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegation in Paragraph 56 of the Complaint accurately and/or completely summarizes it.

57. Discovery denies the allegations in Paragraph 57 of the Complaint.

58. Discovery denies the allegations in Paragraph 58 of the Complaint.

59. Discovery denies the allegations in Paragraph 59 of the Complaint.

60. Discovery denies the allegations in Paragraph 60 of the Complaint.

61. Discovery denies that allegations in Paragraph 61 of the Complaint.

62. Discovery denies the allegations in Paragraph 62 of the Complaint.

## COUNT II

### Breach of Contract – Animal Planet, LLC

63. Discovery repeats and incorporates by reference its responses to Paragraphs 1 through 46 as its response to Paragraph 63 of the Complaint.

64. Discovery admits that the Agreement between Sky Angel and Discovery was a valid, binding, and enforceable contract.  Discovery denies the remaining allegations in Paragraph 64 of the Complaint.

65. Discovery denies the allegations in Paragraph 65 of the Complaint.

66. Discovery denies the allegations in Paragraph 66 of the Complaint.

67. Discovery denies the allegations in Paragraph 67 of the Complaint in its entirety, including subparagraphs (a) – (f).

68. Discovery states that the January 22, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegation in Paragraph 68 of the Complaint accurately and/or completely summarizes it.

69. Discovery denies the allegations in Paragraph 69 of the Complaint.

70. Discovery denies the allegations in Paragraph 70 of the Complaint.

71. Paragraph 71 states a legal conclusion to which no response is required.

72. Discovery states that the January 22, 2010 letter speaks for itself and is the best evidence of its own content, and denies that the allegation in Paragraph 72 of the Complaint accurately and/or completely summarizes it.

73. Discovery denies the allegations in Paragraph 73 of the Complaint.

74. Discovery denies the allegations in Paragraph 74 of the Complaint.

75. Discovery denies the allegations in Paragraph 75 of the Complaint.

76. Discovery denies the allegations in Paragraph 76 of the Complaint.

77. Discovery denies the allegations in Paragraph 77 of the Complaint.

78. Discovery denies the allegations in Paragraph 78 of the Complaint.

Except as expressly admitted herein, Discovery denies each and every allegation contained in Plaintiff's Complaint, including but not limited to Plaintiff's requests for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part because Plaintiff fails to state a claim on which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff waived its claims by bargaining for and granting Discovery the termination rights contained in Section 12.1 of the Affiliation Agreement.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

WHEREFORE, having fully answered the Complaint, Discovery prays for relief as follows:

1. For an Order dismissing plaintiff's Complaint with prejudice;

2. For an Order granting Discovery its attorneys' fees, costs and disbursement incurred in defending this action; and

3. For such other and further relief that the Court deems just and equitable.

Dated:  March 1, 2013                    Respectfully submitted,

                                           /s/ Anthony T. Pierce
                                         Anthony T. Pierce, Bar No. 13321
                                         AKIN GUMP STRAUSS HAUER & FELD, LLP
                                         1333 New Hampshire Avenue, NW
                                         Washington, DC  20036
                                         Tel:  (202) 887-4000
                                         Fax:  (202) 887-4288
                                         apierce@akingump.com

                                         *Counsel for Defendants Discovery Communications, LLC and Animal Planet, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2013, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court for the U.S. District Court for the District of Maryland, using the Court's CM/ECF system.  The CM/ECF system sent a "Notice of Electronic Filing" to all counsel of record who have entered an appearance in this matter.

                   /s/ Anthony T. Pierce
Anthony T. Pierce, Bar No. 13321
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC  20036
Tel:  (202) 887-4000
Fax:  (202) 887-4288
apierce@akingump.com

*Counsel for Defendants Discovery Communications, LLC and Animal Planet, LLC*

11